George H. CANNON, S.S. # 424–40–2854, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.

No. 87–7350
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 2, 1988.

Douglas I. Friedman, Mary N. Reynolds, Birmingham, Ala., for plaintiff-appellant.

John C. Bell, U.S. Atty., Calvin C. Pryor, Montgomery, Ala., for defendant-appellee.

Before KRAVITCH, CLARK and COX, Circuit Judges.

CLARK, Circuit Judge:

George H. Cannon appeals from the district court's affirmance of the decision by the Administrative Law Judge (ALJ) denying his claim for supplemental security income and disability insurance benefits. We reverse the district court's order and remand this case to the Secretary because we find (1) the Secretary used an incorrect legal standard to assess Cannon's complaint of disabling pain; (2) the Secretary did not fully and fairly develop the record as to whether Cannon had an automatic disability under 20 C.F.R. pt. 404, subpt. P, app. 1 at § 4.00(A); and (3) the evidence is insufficient to support the conclusion that Cannon can perform the physical demands of his past work as a night watchman. We also grant Cannon's motion to remand the case in light of new evidence.

## BACKGROUND

On June 6, 1985, Cannon filed applications for supplemental security income and disability insurance benefits. His applications were denied both initially and upon reconsideration. (T. 82–84, 85–87, 88–90, 91–92). Following these denials, Cannon requested a hearing before an ALJ. (T. 93–94). During this hearing, Cannon testified that he is 52 years of age and has a tenth-grade education. Cannon also testified that he worked as a night watchman in a pecan plant for two years and ten months

until December, 1982 when he was laid off. (T. 41–42). His job was to "walk around the plant and watch the plant." (T. 46). On Cannon's vocational report he indicated that he walked about two hours a day at this job but at the hearing he testified that he walked about half of an eight-hour shift. (T. 46–47). One day a week he had to work a twelve-hour shift. (T. 47). Prior to working at the pecan plant, Cannon worked as a furniture upholsterer, which required him to load and unload furniture weighing up to 100 pounds from trucks. (T. 49).[1]

Cannon had an acute heart attack on May 23, 1985. After arriving at the emergency room in Andalusia on May 24, 1985 complaining of chest pain, Cannon immediately was placed in intensive care and he remained hospitalized until May 29, 1985, at which time he was transferred to the VA hospital in Montgomery. He remained at the VA hospital until June 4, 1985, (T. 125–169), and was told upon discharge, to avoid heavy and strenuous work. (T. 55).

Cannon testified that upon standing or walking he gets tired and has to rest for about twenty minutes. (T. 47–48). Cannon stated that he gets a squeezing pain in his chest, a pain that is severe two or three times each week, and for which he takes nitroglycerine two and three times each day. (T. 48–51). Finally, Cannon testified that he was not able to carry ten pounds of groceries from the store to his house because of a physical weakness in his legs. (T. 51).

Dr. John Maddox and Dr. J. Wayne Johnson treated Cannon's heart attack. Their office notes indicate that Cannon suffered an acute myocardial infarction, with borderline high blood pressure. The treating physicians also noted that Cannon was worried about his heart and they identified this worry as "cardiac neurosis." (T. 178).

A consultative medical examination requested by the Social Security Administration was performed by Dr. J. Wayne Johnson on August 13, 1985. Dr. Johnson concluded that Cannon suffered from "[h]ypertensive and atherosclerotic cardiovascular disease with subacute inferior myocardial infarction and left ventricular hypertrophy, first degree AV block and possible lateral ischemia." (T. 183). He also diagnosed "[v]aricose veins with mild edema." (T. 184). A consultative psychological exam, also requested by the Social Security Administration, was performed by Rebecca Johnson, M.A., on August 12, 1985. She concluded that Cannon was in the low average range of intelligence and mentally able to perform several kinds of jobs. (T. 180). The hearing also produced evidence that Cannon attends to his own personal needs, reads the newspaper, and walks daily. (T. 12).

The ALJ considered the evidence introduced at the hearing and made the following findings of fact:

1. The claimant met the special earnings requirement of the Act on May 23, 1985, the date the claimant stated he became unable to work, and continues to meet them through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since May 23, 1985.

3. The medical evidence establishes that the claimant has severe ischemic heart disease, status post myocardial infarction, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's subjective complaints are credible to the extent that the medical records support a conclusion that greater than light work activity would be precluded.

5. The claimant has the residual functional capacity to perform work-related functions except for work involving greater than light physical exertion, climbing ladders, working at unprotected heights or work or exposure to temperature extremes (20 CFR 404.-1545 and 416.945).

---

1. Cannon's testimony during the hearing cleared up the contradiction in his vocational report listing lighter lifting requirements for this job. (T. 50, 100).

6. The claimant's past relevant work as a security guard did not require the above limitation(s) (20 CFR 404.1565 and 416.965).

7. The claimant's impairment does not prevent the claimant form performing his past relevant work.

8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR 404.1520(e) and 416.920(e)).

Administrative Transcript, Hearing Decision (Mar. 13, 1986) at 6–7.

The appeals council denied Cannon's request for review; therefore, the determination of the ALJ became the final decision of the Secretary. Cannon appealed to the district court, which affirmed the Secretary's decision by order and memorandum opinion. Cannon then appealed to this court.

In addition, on September 9, 1987, Cannon filed a motion to remand this case to the Secretary for consideration of newly submitted evidence. On October 9, 1987, we stayed the briefing schedule pending a ruling on the motion. On February 3, 1988, we ruled that the motion to remand would be carried with the case.

## DISCUSSION

A claimant is entitled to disability benefits when he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1)(A) (1982). Initially, the claimant must prove that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir.1986). Once that burden is met, the Secretary must prove that the claimant is capable, considering his/her age, education, and work experience, of engaging in another kind of substantial gainful employment which exists in the national economy. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir.1987).

In reviewing claims under the Social Security Act, we must find the Secretary's decision conclusive if it is supported by substantial evidence. *Johns v. Bowen*, 821 F.2d 551 (11th Cir.1987). "Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. It is 'more than a scintilla, but less than a preponderance.'" *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987) (citations omitted).

Cannon challenges the Secretary's decision of no disability, arguing that the record was not fully developed, that the Secretary's decision was not based on substantial evidence, and that the Secretary did not follow proper legal standards. Additionally, Cannon submits that his case must be remanded for consideration of new evidence.

## I. THE CASE MUST BE REMANDED TO THE SECRETARY TO FULLY DEVELOP THE RECORD ON WHETHER CANNON HAS A DISABILITY UNDER 20 C.F.R. § 404.1520(d).

■ 20 C.F.R. § 404.1520(d) requires a finding of disability if the claimant's impairment is listed in subpart P, appendix 1. In turn, subpart P, appendix 1 lists ischemic heart disease in subsection 4.00(D). A heart disease will be considered ischemic heart disease as long as the "[d]escription of the pain [contains] the clinical characteristics as discussed under section 4.00(E). In addition, the clinical impression of chest pain of cardiac origin must be supported by objective evidence as described under subsections 4.00 F. G. or H." *See*, pt. 404, subpt. P, appendix 1, subsection 4.00(D).

Subsection 4.00(E) states that chest pain is of cardiac origin if it is "precipitated by effort and promptly relieved by sublingual nitroglycerine or rapid-acting nitrates or rest. The character of the pain is classically described as crushing, squeezing, burning, or oppressive pain located in the chest." Cannon testified that he took nitroglycerine for his chest pains and that the pain could be described as "squeezing." (T. 47–48). Thus, Cannon's testimony potentially places him within the listing.

Under the appendix listing, a finding of ischemic heart disease also requires objective evidence. According to the listing, this evidence should be in the form of stress

tests but if such tests are too hazardous to perform for health reasons, then resting electrocardiograms (EKG) are acceptable. 20 C.F.R. pt. 404, subpt. P, appendix 1, subsections 4.00(F), (G). The listing then sets out what these EKGs must disclose in order to find that a claimant suffers from ischemic heart disease to the extent of constituting a disability under 4.00(D). *See,* subsection 4.04(B).

■ Cannon did not take any stress tests because of his heart condition. (T. 14). Cannon's resting EKGs, however, were diagnosed as consistent "with a subacute inferior myocardial infarction with a possible lateral ischemia." (T. 13). The ALJ specifically found that Cannon has no impairment which meets or equals the severity of any impairment listed in appendix 1 to subpart P of 20 C.F.R. § 4.04. (Formal findings 3, T. 14). The ALJ also found, however, that "the medical evidence establishes that the claimant has severe ischemic heart disease, status post myocardial infarction...." *Id.* These findings are inconsistent and neither is supported by the record.

The ALJ never asked the doctors to compare Cannon's EKGs to the readings set out in appendix 1 to see if Cannon's tracings satisfied its medical requirements. In *Todd v. Heckler,* 736 F.2d 641 (11th Cir. 1984), we held that the ALJ failed to develop the facts fully and fairly when he did not ask physicians to compare the EKG results of the claimant with the readings included in the listing. The case must be remanded for a full development on this question.

II. THE CASE MUST BE REMANDED TO THE SECRETARY TO APPLY THE CORRECT LEGAL STANDARD IN ASSESSING CANNON'S COMPLAINTS OF DISABLING PAIN.

■ This court has recognized that "subjective pain testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the claimant complains is sufficient to sustain a finding of disability." *Walker v. Bowen,* 826 F.2d 996, 1003–

04 (11th Cir.1987). If the Secretary discredits such testimony, "he must articulate explicit and adequate reasons." *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987). Failure to articulate the reasons for discrediting subjective pain testimony, mandates that the testimony, as a matter of law, be accepted as true. *Id.* at 1012.

■ In the instant case, Cannon testified that he could no longer perform his previous work as a night watchman because of the amount of walking involved. He testified that the walking tired him and sometimes caused him chest pains. (T. 47–48). In finding that "the claimant's impairment does not prevent the claimant from performing his past relevant work," (Formal Findings 7, T. 15), the ALJ implicitly rejected Cannon's subjective testimony. The ALJ, however, did not articulate any reasons for concluding that Cannon's subjective complaints were not credible to the extent that he claimed that his chest pain precluded him from performing his past work. The ALJ's implicit and conclusory statement that Cannon's subjective complaints "are credible to the extent that the medical records supports a conclusion that greater than lighter work activity would be precluded," (Formal Findings 4, T. 14), is insufficient. *Jones v. Bowen,* 810 F.2d 1001, 1004 (11th Cir.1986); *Walker v. Bowen,* 826 F.2d 996, 1004 (11th Cir.1987). The case must be remanded to the Secretary to properly consider Cannon's subjective complaints.

III. THIS CASE MUST BE REMANDED TO THE SECRETARY BECAUSE THE EVIDENCE IS INSUFFICIENT FOR THE SECRETARY TO CONCLUDE THAT CANNON CAN PERFORM THE PHYSICAL DEMANDS OF HIS PAST WORK AS NIGHT WATCHMAN.

■ Based on the evidence before him, the ALJ found that the claimant has a residual "functional capacity to perform work-related functions except for work involving greater than light physical exertion, climbing ladders, working at unprotected heights or work or exposure to temperature extremes." (Formal Findings

5, T. 15). The ALJ also found that "the claimant's past relevant work as a security guard did not require the above limitation(s)." *Id.* In his questioning of Cannon, however, the ALJ never asked Cannon if his job as a night watchman included any of these prohibited activities. Cannon's vocational reports, which he filled out pursuant to his claim, inquire only into walking and lifting. Thus, the case must be remanded to the Secretary to determine if Cannon's security job entails climbing ladders, working at unprotected heights, or exposure to temperature extremes.

## IV. MOTION TO REMAND.

Carried with this case is a motion to remand the case for consideration of new evidence.

From July 1 to July 17, 1987, after this appeal was filed, Cannon was hospitalized for chest pains and high blood pressure. Subsequently, Cannon filed a motion to remand his case to the Secretary in light of this new evidence. The evidence, submitted with the motion, indicates that upon his hospital discharge Cannon was advised that he could no longer return to gainful employment for an indefinite period of time. A physical capacities evaluation, completed by his treating physician, states that during an eight-hour work day Cannon could stand and walk less than six hours, only lift and carry five pounds, and not push or pull leg or arm controls. The physician indicated that Cannon had these physical limitations since "May 1985 probably." Cannon's physician concluded that Cannon had Class III cardiac disease which resulted in marked limitation of physical activity. A letter from a vocational expert states that Cannon was unable to physically meet the requirements of sedentary or light work. (*See*, Motion to Remand).

In order to obtain a remand, a claimant must establish that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material' in that it is relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986).

The evidence in this case satisfies all three requirements. It is clearly new, noncumulative evidence because it includes an opinion of total disability from a treating physician and a vocational expert. No similar evidence is introduced in the administrative record. Cannon's treating physician during this recent hospitalization speculated that his physical limitations related back to May 1985, the date of the alleged onset of disability. Such evidence, if not discredited by the Secretary, is material and could change the administrative result. Finally, there is good cause for failing to present the evidence because it did not exist at the time of the administrative hearing or the district court proceedings. *See, Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir.1985). Thus, Cannon's motion to remand is granted and the Secretary should consider Cannon's new evidence when it reconsiders his case.

REVERSED and REMANDED.