Walter L. BUTLER, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

Civil Action No. 03–M–440–S.

United States District Court,
M.D. Alabama,
Southern Division.

Dec. 23, 2003.

Georgia H. Ludlum, Law Offices of Georgia H. Ludlum, Dothan, AL, for Plaintiff.

R. Randolph Neeley, Leura Garrett Canary, Montgomery, AL, for Defendant.

## MEMORANDUM OPINION

McPHERSON, United States Magistrate Judge.

Claimant Walter L. Butler ["Butler"] has filed this action seeking review of a final decision by the Commissioner (Doc. # 1) pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). Upon review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner should be AFFIRMED for the reasons set forth herein.

### I. PROCEDURAL BACKGROUND AND FACTS

Butler was born on 20 March 1945 (R. 62). He was 57 years of age at the time of the hearing. He has a seventh grade education, is unable to read or write (R. 22), and has no vocational or military training (R. 23). Immediately upon dropping out of school, Butler began working at the Little Swift Spinning Wheel in Columbus,

Georgia, performing cotton mill work (R. 23). From the time he left school until 1990, he was consistently employed, except for intermittent absences due to back pain (of a year or so at a time) (R. 24).

Allegedly, Butler became unable to work due to a disabling condition on 31 March 1990 (R. 62). He worked at Cutler Eggs stacking boxes on a flat bed for approximately eight to nine months (R. 20). Prior to his employment at Cutler Eggs, Butler worked at Sugar Creek Mill in Ozark, sorting yarn from box to box (R. 20). While working at Cutler Eggs and at Sugar Creek Mill, he lifted boxes that weighed approximately 30 pounds (R. 20). Prior thereto, Butler drove a dump truck for about one year and worked for the Ozark Striping Company (R. 21), painting lines in the street occasionally, while riding on a vehicle (R. 21).

According to Butler, he is disabled because his "back [condition] causes so much pain and i[t] causes me to lose feeling some times in my legs. My lower lumbar causes a lot of different pain" (R. 73). Butler admits that he has not attempted to work since 1990 (R. 24), in great part due to the need to stay home and care for his wife who is a victim of stroke (R. 24–25). While his wife's condition has improved, Butler still has not attempted to work (R. 25). Rather, he remains at home due to alleged problems associated with his back now (R. 25).

Presently, Butler lives with wife and son (R. 18). On the average day, upon awakening and after breakfast, he typically "just piddle[s] around in the yard. [His] wife's got a big flowerbed there" (R. 18). He mows the grass on a riding lawn mower (R. 25). He also performs some house-

work (R. 26). When asked whether he could work, Butler answered, "Yes and no ... Which it seems like today, I feel good. I can work today. But tomorrow, I'm just so down in my back and legs and all and I just can't hardly go" (R. 19). The record also reflects that Butler drives just about everyday and typically spends time at Wal–Mart or on other errands (R. 31).

This case involves an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (R. 62–64). The application was initially denied (R. 44) and denied upon reconsideration.

Following an administrative hearing, the Administrative Law Judge ["ALJ"] denied Butler's request for benefits in a decision dated 22 November 2002 (R. 13), and on 24 February 2003, the Appeals Council denied his request for review (R. 4–5). Therefore, the hearing decision became the final decision of the Commissioner of Social Security. On 24 April 2003, Butler filed the instant action (Doc. # 1).

## II. STANDARD OF REVIEW

The standard of review of the Commissioner's decision is a limited one. Reviewing courts "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir.1996) (citing *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983)). This Magistrate Judge must find the Commissioner's factual findings conclusive if they are supported by substantial evidence.[1] *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir.1997). "There is no presumption, however, that the Commissioner fol-

---

1. In *Graham v. Apfel,* 129 F.3d at 1422, the Court of Appeals has stated that:
   Substantial evidence is described as more than a scintilla, and means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

lowed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid." *Miles v. Chater,* 84 F.3d at 1400 (citations omitted).

## III. DISCUSSION

### A. Standard for Determining Disability

An individual who files an application for Social Security disability benefits must prove that he is disabled. *See* 20 C.F.R. § 416.912 (1999). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that he is disabled. *See* 20 C.F.R. § 416.920 (1999). The ALJ must evaluate the claimant's case using this sequential evaluation process, *Ambers v. Heckler,* 736 F.2d 1467, 1469 (11th Cir.1984), and the steps are as follows:

1. If the claimant is working or engaging in substantial gainful activity, he is not disabled. However, if the claimant is not working or engaging in substantial gainful activity, the Court must consider whether the claimant has a severe impairment.

2. If the claimant does not have a severe impairment, he is not disabled. A severe impairment is defined as a condition that precludes one from performing basic work-related activities. If the claimant has a severe impairment, the Court must then consider whether the impairment has lasted or is expected to last for more than twelve (12) months.

3. If a claimant's impairment has lasted or is expected to last for a continuous period of twelve (12) months or more and it is either included on or equivalent to an item in a list of severe impairments, as found in Appendix I of the regulations, the claimant is disabled.

4. Even if a claimant is disabled according to all of the criteria enunciated in steps one (1) through three (3), if upon medical evaluation, it is determined that the claimant can return to his previous job, the claimant will not be entitled to benefits.

5. Finally, even if a claimant (a) is not working or engaging in substantial gainful activity; (b) has a severe impairment that is listed in Appendix I of the regulations (or may be considered and equivalent thereto); (c) that impairment has lasted or is expected to last for more than twelve (12) continuous months; and (d) he is not expected to be able to return to his previous job, if the Social Security Administration can show that the claimant is capable of performing a significant number of jobs that are available in the national economy, the claimant will not be considered disabled within the meaning of the Social Security Act. Therefore, he will not be entitled to benefits pursuant to 42 U.S.C. §§ 401 et seq. and/or 42 U.S.C. §§ 1381.

*See* §§ 20 C.F.R. 404.1520(a)-(f), 416.920(a)-(f).

### B. The ALJ's Findings

In the instant matter, the ALJ made the following findings within the structure of

the sequential evaluation process as outlined above:

1. Butler met the insured status requirements of the Social Security Act as of the alleged onset date and continued to meet the insured status requirements through 31 December 1995. After 31 December 1995, he no longer met the insured status requirements of the Social Security Act (R. 13).

2. Butler has not engaged in substantial gainful activity since his alleged disability onset date (R. 13).

3. There is no evidence that Butler had any medically determinable impairments during the time period that he was insured for disability benefits (R. 13).

4. Butler is not disabled within the meaning of the Social Security Act (R. 13).

### C. Application of the Standard and Arguments of the Parties

Butler survives step one of the sequential evaluation process, because he is not engaged in any substantial gainful employment. However, as there are no listed severe impairments noted during the period of his alleged disability, Butler does not survive step two. As a result, he is not disabled within the meaning of the Act. The ALJ was not required to complete an analysis of Butler's condition in steps three through five, because the determination that Butler was not disabled was made at step two.

The parties' arguments and counter-arguments are as follows:

| BUTLER | COMMISSIONER |
| --- | --- |
| The Commissioner erred as a matter of law in failing to develop the record (Doc. # 10, p. 1) | The ALJ did not have an obligation to evaluate the credibility of Butler's complaints (Doc. # 11, p. 4) |
| The Commissioner erred as a matter of law by failing to evaluate properly his subjective complaints in accordance with the Eleventh Circuit's pain standard (Doc. # 10, p. 1) | The ALJ met his responsibilities and properly evaluated Butler's subjective complaints and properly developed the record (Doc. # 11, p. 6) |
| The Appeals Council erred in determining that the report from Dr. Sandra Cline, which was submitted post-hearing, did not provide an adequate basis for remand (Doc. # 10, p. 1). | The Appeals Council properly denied Butler's request for review (Doc. # 11, p. 8). |

The record is replete with hospital and other medical records from physicians submitted by Butler's counsel, post-hearing, that date from 13 October 1999 to 3 April 2002 (R. 86, 87–95, 96–106, 107–114, 115–175, 176–196, 197–211, 212–218, and 219–220). The cumulative content of those records is not at issue. Rather, at issue is whether the ALJ accepted and accorded appropriate credibility to Dr. Sandra Cline's ["Dr. Cline"] report. Dr. Cline issued her report on 25 September 2001 (Doc. # 10, p. 1). Therefore, an analysis of

the Appeals Council's evaluation of Dr. Cline's report, adequate development of the record, and an analysis of Butler's subjective allegations of pain are addressed in this order.

### 1. Development of the Record

■ Butler contends that "[s]ince the medical expert had insufficient evidence to make a determination as to [his] condition for the period of 1990 through 1995, the ALJ's duty to contact the treating physician or order a consultative examination

was triggered" (Doc. # 10, p. 4). The ALJ made the following preliminary findings:

> [T]he claimant alleges he became disabled on March 31, 1990. While there is ample evidence in the record of the claimant's present condition, the oldest evidence in the record goes back to only October 1999 (Exhibit 9F) . . .

(R. 12). Butler argues that "since the ALJ did not have sufficient facts on which to make an informed decision, it appears a consultative examination would have been in order" (Doc. # 10, p. 5). Butler concludes that

> in light of the lack of evidence during the relevant period of time, Butler's illiteracy, his testimony that he "never could learn," his history of unskilled work, and the medical evidence that he had chronic severe pain, the ALJ should have considered ordering a psychological consultative examination to evaluate Butler for mental retardation and also for possible depression due to a general medical condition. The ALJ erred by not obtaining the opinion of a qualified psychiatrist or psychologist to determine the degree of Butler's mental deficits and or mental impairments.

(Doc. # 10, p. 6)

■ The law in this Circuit is clear, and it does not support Butler's arguments. The court agrees with Butler that the ALJ is charged with developing a fair and full record. *Todd v. Heckler,* 736 F.2d 641, 642 (11th Cir.1984). Indeed, the ALJ is bound to make every reasonable effort to obtain from the claimant's treating physician(s) all the medical evidence necessary to make a determination. 20 C.F.R. § 404.1512(d). However, the burden is on the *claimant* to prove he is disabled. The regulations provide that:

> In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention every-

thing that shows that you are blind or disabled. This means you must furnish medical and other evidence that we can use to reach conclusions about your impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis.

20 C.F.R. § 404.1512(a).

Contrary to Butler's suggestion, the statute does not require consultative examinations are not required by statute. However, the regulations provide for them where warranted. *See* 20 C.F.R. § 404.1517.

> (a)(1) *General.* The decision to purchase a consultative examination for you will be made after we have given full consideration to whether the additional information needed (e.g., clinical findings, laboratory tests, diagnoses, and prognosis) is readily available from the records of your medical sources.

> (b) *Situations requiring a consultative examination.* A consultative examination may be purchased when the evidence as a whole, ***both medical and non-medical,*** is not sufficient to support a decision on your claim.

20 C.F.R. § 404.1519(a) (emphasis added).

■ While the court agrees that it is reversible error for an ALJ not to order a consultative examination when it is necessary for him to make an informed decision, *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984), the ALJ is not required to do so unless the record, medical ***and*** non-medical, establishes the necessity for such an examination. *Holladay v. Bowen,* 848 F.2d 1206, 1210 (11th Cir.1988) (citing *Ford v. Secretary of Health and Human Services,* 659 F.2d 66, 69 (5th Cir.1981)) (emphasis added).

The ALJ met his burden in this case. With regard to medical evidence, the ALJ made the following findings:

> The evidence provides no insight as to the claimant's condition from March 1990 up to December 31, 1995. The medical expert has testified that the claimant is unable to work now because of severe back problems and degenerative disk disease, but he was unable to make any determination as to the claimant's condition for a period of 1990 through 1995. Prior to making the initial determination that the claimant was not disabled for disability benefits, the Disability Determination Unit made multiple attempts to obtain medical documentation of the claimant's condition prior to December 31, 1995. They were unsuccessful in these attempts.

(R. 12–13).

It thus appears that the paucity of medical evidence simply did not support an inference that it was necessary to secure a consultative examination. The lack of medical evidence was due primarily to Butler's failure to produce it. Moreover, even after efforts to compensate for his failure to produce evidence, the Commissioner's Disability Determination Unit was "unsuccessful" in its attempts to secure medical records.

In the absence of basic evidence of Butler's condition before 31 December 1995, his argument amounts to a request that this court re-weigh the evidence. However, the court is precluded by law and precedent from re-weighing evidence. Instead, the court sits to determine whether substantial evidence supports the ALJ's decision. In this case, the ALJ's conclusions were premised upon an explicit finding that there were no medical records submitted for evaluation during the time period of March 1990 through December 1995. Although the ordering of a consultative examination for Butler was within the ALJ's discretion, these circumstances did nor require or mandate such an examination.

As a matter of law, there must be medical **and** non-medical evidence to support an ALJ's decision to order a consultive examination. In the instant case, there is no objective medical evidence to support a learning disability or a mental illness. Butler's unsupported assertion that he "never could learn," even when coupled with the fact that he has had a series of unskilled labor jobs and is functionally illiterate, did not make Butler a candidate for a psychological or psychiatric consultative examination. Those facts, without more, simply do not support an inference of mental retardation or psychological impairment. Therefore, the ALJ was not required, under the circumstances, to order a consultative psychological or psychiatric examination of Butler.

■ Finally, with respect to Butler's physical state during the critical period for purposes of determining disability (March 1990–December 1995), a consultative examination would not necessarily have provided adequate medical information on Butler's physical state during the time of his alleged disability. While the court makes no finding regarding Butler's *current* disability, a consultative examination would not, *per se,* be probative of his physical state at the time of his alleged disability. Thus, the ALJ did not err by not requesting a consultative physical examination.

### 2. Subjective Allegations of Pain

■ Butler also contends that "the Commissioner erred by failing to properly [sic] evaluate Butler's subjective complaints of pain in accordance with the Eleventh Circuit's pain standard" (Doc.

# 10, p. 10). Butler argues that he "presented undisputed evidence of a slowly progressive chronic condition that could be expected to cause pain" (Doc. # 10, p. 10).

In examining a claimant's complaints of pain and other objective medical symptoms, "[t]he Secretary must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.1995) (citations omitted).

> After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence. *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir.1984). If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility. *Walker v. Bowen*, 826 F.2d 996, 1004 (11th Cir. 1987).

*Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir.1992) (citations omitted).

In the instant case, the ALJ did not explicitly find that Butler's allegations of pain and functional limitations incredible (R. 11–13). Rather, he weighed Butler's subjective allegations of pain against the medical evidence presented him at the time of the hearing. Unfortunately, the record before the ALJ did not include any medical evidence from the critical time period that was consistent with Butler's complaints.

In the absence of substantial evidence to support a subjective allegation of pain, the court will not make a determination that the ALJ should have treated a subjective allegation as substantial evidence. That Butler is disabled today is not in contention; nor is it before the court. Further, the court is mindful that Dr. Walter Long testified at the hearing before the ALJ that Butler had spondylolisthesis that had probably been present for "many, many years" (R. 33). Further, the court is aware of the findings from physicians who examined or treated Butler after 1995. Rather, the court considers those medical findings irrelevant to the ALJ's analysis. And as he should have, the ALJ treated those opinions as such.

Butler's present state is not at issue. Rather, his state from March 1990—December 1995 is at issue. The ALJ had no objective medical evidence before him at the time of the hearing to support Butler's allegations. Subjective allegations of pain coupled with the ALJ's lack of sufficient medical evidence during that time period do not mandate a finding by this court, when sitting in review, that the Commissioner did not properly evaluate Butler's subjective complaints of pain. For the reasons stated herein, the court finds that the ALJ properly evaluated Butler's subjective allegations of pain.

### 3. Additional Medical Evidence

After the hearing before the ALJ, additional medical information was presented to the Appeals Council (R. 6, 221–224). Included in this additional information was medical evidence from Dr. Cline:

> On this administration of the WAIS III, Mr. Butler obtained Verbal and Performance IQ's in the lower part of the borderline range, placing his Full Scale IQ in the range of mild mental retardation ... He is doing math at a second grade level, while reading and spelling are at kindergarten level ... He has had no mental health treatment ... He completed 7th grade in special education

in Columbus, GA, leaving school when he was 16.

DIAGNOSTIC IMPRESSION

    AXIS I: Depressive disorder NOS

    AXIS II: Mild mental retardation

    AXIS III: Back problems

Mr. Butler reported a long history of back problems that have worsened over the years. If he is to ever work again, an accurate diagnosis and treatment will be necessary.

(R. 222–224).

Upon considering this evidence, the Appeals Council concluded that the new evidence did not provide a basis for changing the ALJ's decision (R. 4–5). Consequently, the Appeals Council denied the claimant's request for review of the ALJ's decision (R. 4).

The Court of Appeals has held that although new evidence presented to Appeals Council is part of the record on appeal, "when the AC [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence" *Falge v. Apfel,* 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied,* 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 905 (1999). However, the Court of Appeals has explained that "we will consider evidence submitted only to the AC." *Id.* (citing for example, 42 U.S.C. § 405(g) permits courts to remand a case to the Social Security Administration for consideration of newly discovered evidence). A claimant seeking to introduce evidence post-hearing must establish that:

    (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the adminis-

trative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level.

*Id.* at 1323 (citations omitted). *See also Keeton.,* 21 F.3d at 1067 (court may remand to Secretary if new evidence is material and good cause exists for failure to incorporate the evidence in the record during proceedings before the ALJ). Butler has not satisfied all of the prerequisites. Therefore, Dr. Cline's report was not a basis for remand, and the Appeals Council did not err in its determination.

While the court finds that the "new" evidence reasonably supports a conclusion that Butler may be disabled within the meaning of the Act, the evidence presented was not new and further, Butler did not establish good cause for failing to submit the evidence to the ALJ for consideration.

### a. New and Non–Cumulative Medical Evidence

The evidence that Butler presented to the Appeals Council is not "new" because it was not created after the administrative hearing and the ALJ's decision (R. 221)[2]. The report is also non-cumulative, because it is the only evidence of record indicating that Butler meets the criteria for mental retardation. In fact, "[n]o similar evidence is introduced in the administrative record." *Cannon v. Bowen,* 858 F.2d 1541, 1546 (11th Cir.1988). Accordingly, the court finds that the report presented by the claimant does not satisfy the first requirement for remand pursuant to sentence six of the applicable statute.

### b. Good Cause

According to the Court of Appeals, establishing "good cause" requires no more than a showing that the evidence did not

---

**2.** The ALJ hearing was held on 17 September 2002, and the ALJ rendered his decision on 22 November 2002 (R. 13, 17). Dr. Cline

performed her evaluation on 25 September 2001.

exist until after the conclusion of the administrative proceedings. *See Hyde v. Bowen,* 823 F.2d 456, 459 (11th Cir.1987) ("[B]ecause this new evidence did not exist at the time of the administrative proceedings, Hyde has established good cause for failure to submit the evidence at the administrative level."); *Smith v. Bowen,* 792 F.2d 1547, 1550 (11th Cir.1986)("Smith has established good cause for failure to submit the evidence at the administrative level because it did not exist at that time."); *Cannon v. Bowen,* 858 F.2d 1541, 1546 (11th Cir.1988)("[T]here is good cause for failing to present the evidence because it did not exist at the time of the administrative hearing or the district court proceedings."); *Caulder v. Bowen,* 791 F.2d 872, 878 (11th Cir.1986)("We ... find that Caulder did establish good cause for the failure to submit the evidence at the administrative level because the evidence did not exist at that time.").

Because Dr. Cline's 25 September 2001 existed at the time of the administrative hearing, the post-hearing submission of this report does not meet the "good cause" requirement. Accordingly, on the particular facts presented in this case, the court concludes that submission of Dr. Cline's report does not satisfy all requisites for remand pursuant to sentence six of 42 U.S.C. § 405(g).

For these reasons, the court finds no error in the ALJ's decision and finds as well that the ALJ's decision is supported by substantial evidence and is the result of the appropriate legal standards.

## IV. CONCLUSION

Therefore, it is hereby ORDERED that the decision of the Commissioner is AFFIRMED.