[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2006
THOMAS K. KAHN
CLERK

No. 05-15086
Non-Argument Calendar

_____

D. C. Docket No. 04-01563-CV-T-30-TGW

CONSTANTINE VLAMAKIS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 6, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Constantine Vlamakis, proceeding <u>pro se</u>, appeals the district court's

decision, affirming the Commissioner of Social Security's denial of disability insurance benefits. We affirm.

On April 29, 2004, the Administrative Law Judge issued a decision, concluding that Vlamakis did not suffer from a disability for purposes of receiving benefits for the time period of 1993 to 1997. The ALJ found that Vlamakis had several impairments, including gastro esophageal reflux disease, anxiety disorder with panic attacks, and hypertension. However, he found that these impairments were not "'severe' enough to meet or medically equal, either singly or in combination" an impairment listed in the regulations. The ALJ found that during the relevant time period, Vlamakis could work in a reduced stress environment and that his need for such a work environment did not significantly erode his occupational base for light work. Accordingly, the ALJ denied Vlamakis benefits. The Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

In July of 2004, Vlamakis sought review in the district court, requesting that the court set aside the Commissioner's decision or remand the case to the Commissioner for consideration of a letter which Vlamakis received after the ALJ's decision. The July 13, 2004 letter, written by Vlamakis' general

2

practitioner, Dr. Lawrence Gaulkin, stated that "Vlamakis was under my care from August 19, 1994 through November 17, 1998 during which time I treated him for chronic generalized anxiety, hypertension, and hyperlipidemia."

The magistrate judge recommended that the district court affirm the Commissioner's decision because there was insufficient evidence to support Vlamakis' claim. The magistrate found that Dr. Gaulkin's letter did not warrant a remand because it was not new, noncumulative, or material evidence, and there was no reason it could not have been submitted prior to the ALJ's decision. The district court adopted the magistrate's recommendation and affirmed the denial of benefits.

Vlamakis contends that the Commissioner erred in finding that he was not disabled due to his anxiety disorder. First, he argues that the evidence proves he was disabled. Second, he argues that the ALJ should never have used a grid system to determine whether he was disabled because it has no bearing in a case involving mental disability. Third, Vlamakis argues that the ALJ's findings were flawed because: (1) the ALJ said that he was not treated by Dr. Gaulkin for anxiety but later states that he prescribed him anti-anxiety drugs; (2) the ALJ minimized the severity of his anxiety and hypertension; (3) the ALJ incorrectly stated that he "gave up" his business in 1993, when he was forced to stop working

3

because of his anxiety; and (5) the ALJ incorrectly stated the name of the drug he took to attend the hearing.

We review the Commissioner's decision to determine if it is supported by substantial evidence and based upon correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "more than a mere scintilla." Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998) (internal quotation marks omitted). "We do not re-weigh the evidence or substitute our judgment for that of the [Commissioner]; instead, we review the entire record to determine if the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation marks omitted). Vlamakis bears the burden of proving that his anxiety disorder was a severe impairment. Doughty, 245 F.3d at 1278. To be severe, an impairment must be great enough to "significantly [limit a] claimant's physical or mental ability to do basic work activities." Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997).

As evidence of the severity of his anxiety disorder, Vlamakis introduced Dr. Gaulkin's handwritten notes. A note from Vlamakis' August 19, 1994 appointment mentions that Vlamakis had a history of anxiety, but does not report

4

any specific complaints. The note from July 16, 1996 mentions that Vlamakis complained of anxiety and that he was prescribed an anti-anxiety drug. The note from July 30, 1996 describes Vlamakis as cheerful and does not further discuss anxiety. Vlamakis also submitted notes from Dr. Joel Esptein, his psychologist since 2003. Dr. Epstein's notes do not discuss Vlamakis' condition during the relevant time period.

First, based on this evidence, the ALJ reasonably concluded that although Vlamakis had an anxiety impairment, it was not so severe that he could not perform light work between 1993 and 1997. The evidence Vlamakis points to does not prove that his anxiety was so severe that it limited his physical or mental ability to do basic work activities. See Doughty, 245 F.3d at 1278; Crayton, 120 F.3d at 1219. The ALJ therefore properly determined that Vlamakis was not disabled for the purposes of receiving benefits.

Second, Vlamakis does not show that he had a non-exertional impairment that was severe enough to foreclose the ALJ's use of the grids. See Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996). Third, of all the other errors allegedly made by the ALJ, the only error demonstrated in the record is that the ALJ misnamed the drug Vlamakis took in order to attend the hearing. This mistake did not harm Vlamakis in any way, particularly since we are only

5

concerned with his condition from 1993 to 1997. For all of these reasons, substantial evidence supports the ALJ's conclusion that Vlamakis was not disabled for the purposes of receiving disability insurance benefits.

Additionally, Vlamakis contends that the district court erred in declining to remand his case to the ALJ on the basis of Dr. Gaulkin's July 13, 2004 letter because it proves he suffered from anxiety. We review de novo the district court's determination whether to remand the case based on new evidence. Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001). A court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). A case should be remanded based on new evidence if the applicant shows that: "(1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so there is a reasonable probability that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Id. (internal quotation marks omitted). The non-cumulative requirement is satisfied by the production of new evidence not contained in the administrative record. See Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). Such evidence must

6

relate to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b). The materiality requirement is satisfied if "a reasonable possibility exists that the new evidence would change the administrative result." Falge, 150 F.3d at 1323.

The evidence in this case, which consists of a short statement that Dr. Gaulkin treated Vlamakis for anxiety, is neither new, nor material. Dr. Gaulkin's notes already contained statements regarding his treatment of Vlamakis for anxiety. Those same notes provide a better description of Vlamakis' condition than the letter does. The letter adds nothing new to the record and there is no reasonable possibility it would change the ALJ's decision. Furthermore, although the letter did not exist at the time of the administrative proceedings, Vlamakis has not shown good cause for not obtaining a letter from Dr. Gaulkin at an earlier date. The evidence upon which Dr. Gaulkin's letter was based had been available since 1997, several years before the administrative proceedings began. Accordingly, the district court did not err in declining to remand the case to the Commissioner on the basis of Dr. Gaulkin's letter.

**AFFIRMED.**