[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2012
JOHN LEY
CLERK

No. 11-15783
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00914-JBT

TERRY JONES,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Jones appeals the district court's decision to affirm the

Commissioner's denial of his applications for a period of disability and for disability insurance benefits. On appeal, Jones argues that the administrative law judge ("ALJ") did not properly assess his residual functional capacity ("RFC").

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cannon v. Bowen, 858 F.2d 1541, 1544 (11th Cir. 1988) (quotation marks omitted). "It is more than a scintilla, but less than a preponderance." Id. (quotation marks omitted). Like the district court, "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotation marks and alterations omitted).

Under the Social Security Act, a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a familiar, five-step process to determine whether a claimant meets this definition. See 20 C.F.R. § 404.1520(a)(4). First, the Commissioner considers the work activity of the claimant. Id. § 404.1520(a)(4)(i). If the claimant is

performing substantial gainful activity, then he is not disabled.  Id.  If he is not

performing such activity, then the Commissioner moves to the second step, where

he considers the medical severity of the claimant's alleged impairments.  Id.

§ 404.1520(a)(4)(ii).  If the claimant does not have an impairment, or a

combination of impairments, that is severe, then the claimant is not disabled.  Id.

At the third step, the Commissioner determines whether the claimant's

impairment or combination of impairments meets or equals a listed impairment.

Id. § 404.1520(a)(4)(iii).  If so, then the claimant is considered disabled.  Id.  If

not, the Commissioner proceeds to the fourth step of the process, which entails an

assessment of the claimant's RFC.  Id. § 404.1520(a)(4)(iv).  The question is

whether the claimant's RFC renders him capable of performing "past relevant

work."  Id.  If so, then the claimant is not disabled.  Id.  If not, the Commissioner

goes to the last step of the evaluation process, which focuses on whether the

claimant "can make an adjustment to other work," id. § 404.1520(a)(4)(v)—that is,

whether the claimant can perform "any other work that exists in the national

economy," id. § 404.1545(a)(5)(ii).  If so, then the claimant is not disabled.  Id. §

404.1520(g)(1).

On appeal, Jones argues that the ALJ erred at the fourth step of the

evaluation process—the assessment of his RFC.  The ALJ found that Jones "is

capable of performing and carrying out simple and repetitive instructions and tasks on a sustained basis." According to Jones, this finding is "insufficient" as a matter of law because "the ability to do simple [and] repetitive things on a sustained basis does not make a person capable of competitive employment." This argument is not persuasive, however. Indeed, at the fourth step of the process, the claimant's RFC is judged in relation to the work that the claimant has done in the past, and not to an abstract notion of "competitive employment." See id. § 404.1520(a)(4)(iv). Here, Jones has not argued that his past work as a construction laborer required more than the capacity to "perform simple and repetitive tasks on a sustained basis."

Jones also attempts to suggest that substantial evidence does not support the ALJ's factual finding that his RFC allows him to do so. He emphasizes that, on the RFC assessment forms, two of the doctors who evaluated him—Dr. Michael Zelenka and Dr. Val Bee—checked the box "Moderately Limited" with regard to his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." He notes that the third doctor who evaluated him, Dr. Louis Legum, also indicated that there was a "marked" limitation as to his ability in that respect.

4

This argument is also unavailing because it does not consider "<u>all</u> of the relevant medical and other evidence" that was before the ALJ. 20 C.F.R. § 404.1545(a)(3) (emphasis added). The Social Security Administration's Programs Operations Manual System (POMS) clarifies that the boxes checked by Dr. Zelenka and Dr. Bee are only part of a worksheet that "does not constitute the [doctors' actual] RFC assessment." POMS DI § 24510.060(B)(2). Checking the box "Moderately Limited" means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation. <u>See</u> <u>id.</u> § 24510.063(B)(2). After checking the boxes as an "aid," <u>id.</u> § 24510.060(B)(2), a doctor is then required to detail his actual RFC assessment. <u>See</u> <u>id.</u> § 24510.060(B)(4).

Consistent with these directives, both Dr. Zelenka and Dr. Bee, after checking the various boxes, elaborated on their opinions regarding Jones's ability to concentrate. Dr. Zelenka explained that Jones has "occasional" problems with his attention span, but that he otherwise "retains adequate mental ability to carry out simple instr[uctions] and to relate adequately to others in a routine work setting." Similarly, Dr. Bee stated that Jones "may" have "occasional lapses in concentration and efficiency," but that he otherwise "appears mentally capable of well structured task activity." These opinions tend to support the ALJ's finding.

5

Meanwhile, the ALJ gave "little weight" to Dr. Legum's assessment that there is a "marked" limitation to Jones's ability to concentrate. The ALJ noted that Dr. Legum made that determination almost two years after he first evaluated Jones. The ALJ also found Dr. Legum's assessment to be questionable in part because, earlier, Dr. Legum had found that Jones "tended to amplify his symptoms." Cf. Phillips, 357 F.3d at 1240–41 (holding that a doctor's opinion can be discounted if it is inconsistent with his own notes). Finally, the ALJ had the opportunity to observe Jones's demeanor at the hearing, and he did not detect "any evidence of a memory or concentration problem." Cf. Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987) (holding that an ALJ may consider the demeanor of an applicant during a hearing).

At this juncture, it bears repeating that "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." Phillips, 357 F.3d at 1240 n.8 (quotation marks omitted). Rather, the question that we must answer is whether there is "more than a scintilla" of evidence such that "a reasonable person would accept [it] as adequate to support [the ALJ's] conclusion." Cannon, 858 F.2d at 1544. Because the answer is yes, the Commissioner's decision must be affirmed.

**AFFIRMED.**

6