[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11117
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00847-WC

KENNETH WADE LONG,

Plaintiff - Appellant,

versus

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 19, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Long appeals the district court's order affirming the Social Security Administration's denial of his application for disability insurance benefits, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  First, Long argues that the administrative law judge (ALJ) erred in determining that he was able to perform his past relevant work as a textile supervisor.  Second, Long argues that the ALJ erred by giving his treating physician's opinion minimal evidentiary weight without good cause.

I.

Long first argues that the ALJ's determination that he can perform his past work as a textile supervisor was not supported by substantial evidence, as the ALJ failed to consider the physical requirements and demands of his past work, and evaluate his ability to perform those duties despite his impairments.

This Court reviews a denial of disability insurance benefits for substantial evidence, and application of the law *de novo*.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  Substantial evidence is any relevant evidence that a reasonable person would accept as adequate to support the conclusion.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  If, in light of the record as a whole, substantial evidence supports the Commissioner's decision, we will not disturb it.  *Id.* at 1439.  The claimant bears the burden of proving that he is disabled.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

2

Social Security Regulations prescribe a five-step process for ascertaining a claimant's disability status.  20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  The ALJ must determine: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P; (4) if not, whether he can perform his past relevant work in light of his residual functional capacity; and (5) if not, whether, based on his age, education, and work experience, he can perform other work found in the national economy.  *Id.*; *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Under step four, the claimant's benefits must be terminated if he is once again able to perform his past relevant work.  20 C.F.R. §§ 404.1594(f)(7), 416.994(b)(5)(vi).  The claimant bears the burden of demonstrating inability to perform his past kind of work, not merely inability to perform a specific past job. *Jackson v. Bowen*, 801 F.2d 1291, 1293–94 (11th Cir. 1986).  In making this determination, the ALJ must consider all the duties of the claimant's past work and evaluate his ability to perform them in spite of his impairments.  *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990).  The ALJ may rely on a vocational expert's testimony regarding the physical and mental demands of the claimant's past work, and may also consider the job descriptions set forth in the Dictionary of

3

Occupational Titles (DOT). 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). A vocational expert is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 1999). When there is no evidence of the physical requirements and demands or the required duties of past work, the ALJ cannot properly determine whether the claimant has the residual functional capacity to perform past relevant work. *Cannon v. Bowen*, 858 F.2d 1541, 1545–46 (11th Cir. 1988).

Social Security Ruling 82-61 permits a finding that a claimant can perform the work or past job as generally performed in the national economy. *See* SSR 82-61. First, the Commissioner will consider whether the claimant has the residual functional capacity to perform the functional demands and duties of a past job as actually performed by the claimant. *Id.* If so, the claimant is not disabled. If not, the Commissioner will consider whether the claimant can perform the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Id.*

There is substantial evidence to support the ALJ's finding that Long could perform his past relevant work as a textile supervisor. A reasonable person would accept as adequate Long's own description of his duties in his Work History Report and at the disability hearing, testimony from the vocational expert, and the

DOT job description.[1]  20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2).  Relying upon this evidence, the ALJ properly determined that Long was capable of performing his past relevant work by comparing his residual functional capacity to the physical requirements and job demands of a textile supervisor.  In making this determination, the ALJ referred to the DOT identification number for this position and the vocational expert's testimony.  The vocational expert presented unchallenged testimony that a hypothetical person with Long's residual functional capacity could perform his past duties as a textile supervisor, both as actually performed by Long and as generally performed in the national economy.  Long does not point to any discrepancy between his residual functional capacity and the duties of a textile supervisor.  *Lucas*, 918 F.2d at 1571.  Using this evidence, and comparing Long's residual functional capacity, the ALJ properly determined that Long was capable of performing his past relevant work as a textile supervisor.

The ALJ alternatively denied Long's application under step five, based on an independent determination that Long could perform other work available in the national economy.  Under this step, an ALJ may appropriately deny disability insurance benefits when a claimant, given his limitations, is capable of performing other jobs in the national economy.  *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th

---

[1] Moreover, the ALJ rejected the DOT's light-duty categorization and instead categorized the position as light-duty with occasional medium duties, demonstrating that the ALJ was mindful of the position's duties and physical requirements.

Cir. 1999).  After the ALJ identifies specific jobs that Long can perform, Long has the burden to prove that he is unable to perform those jobs in order to be found disabled.  *See id.* at 1229–30.  Long's failure to challenge that alternative independent determination on appeal requires affirmance.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

## II.

Long next argues that the ALJ improperly discredited the testimony of his treating physician, Dr. Dolores Victoria.  The testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary.  *Winschel*, 631 F.3d at 1179.  Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records.  *Id.*  When the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error.  *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Long asserts that Dr. Victoria's opinion should have been given substantial weight because the ALJ failed to show good cause to the contrary.  Dr. Victoria opined that Long suffered severe pain and would need to take constant rest periods and miss a number of workdays per month.  The medical records from Long's

6

visits to Dr. Victoria, however, indicate that Long was not in pain and had normal range of motion, strength, gait, and stability in all extremities.  Moreover, the ALJ also noted that x-rays of Long's spine came back negative.  Because substantial evidence supports the ALJ's determination that Dr. Victoria's opinion was against the totality of the evidence and was inconsistent with her own medical records, there is no reversible error.  *Moore*, 405 F.3d at 1212; *Winschel*, 631 F.3d at 1179; *Hunter v. Soc. Sec. Admin.*, 808 F.3d 818, 823 (11th Cir. 2015).

**AFFIRMED.**