**Mary TODD, Plaintiff-Appellant,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 83–7319**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 17, 1984.

Gary Jacobs, Legal Services Corp. of Ala., Montgomery, Ala., for plaintiff-appellant.

Calvin C. Pryor, Asst. U.S. Atty., Montgomery, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Todd appeals the district court's affirmance of the Secretary's denial of Supplemental Security Income disability benefits. We reverse.

Claimant asserts that she meets the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 4.04 (1983), (ischemic heart disease with chest pain of cardiac origin as described in 4.00 E). Evidence in the record suggests that Todd meets the subjective requirement of Listing 4.04. 2 Rec. at 100. However, while there are several pages of electrocardiogram reports in the record, the doctors did not correlate these tests to the terms used in the listing. *See id.* at 94–95, 102, 113–21. Todd was represented by a paralegal at the hearing before the Administrative Law Judge. The ALJ has a duty to develop the facts fully and fairly. *Ford v. Secretary of Health and Human Services,* 659 F.2d 66, 69 (5th Cir.1981) (Unit B). The ALJ failed to fulfill this duty when he did not ask the physicians to compare their electrocardiogram results with the readings included in the listing. Furthermore, the ALJ did not consider Appendix 1 in making his disability determination, even though the Secretary has established a sequential approach for disability determination in 20 C.F.R. Sec. 404.1520 (1983).

In his report the ALJ stated that "[t]he claimant's allegations of pain and discomfort are noted, however, the medical evidence fails to support a finding that this pain and discomfort is severe enough to place a significant restriction on her occupational activities." 2 Rec. at 13. In this circuit the ALJ must recognize that pain alone can be disabling, even when there is no objective medical evidence to support the claimant's testimony about pain. *Gaultney v. Weinberger,* 505 F.2d 943, 945 (5th Cir.1974). The ALJ improperly required objective medical evidence to support Todd's claim of disabling pain.

The ALJ found that claimant could perform a wide range of sedentary work. 2 Rec. at 13. However, the ALJ made no attempt to relate the evidence to the elements of sedentary work. Todd testified that she could not sit for long periods, *id.* at 35; the only report in evidence concerning Todd's ability to sit or lift or carry is a physical capacities evaluation made by a disability examiner who did not evaluate Todd but only reviewed her record, *id.* at 123. The ALJ's finding that claimant can perform sedentary work is not supported by substantial evidence. *See Hall v. Harris,* 658 F.2d 260, 265–66 (4th Cir.1981).

To make his disability determination, the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Sub-

part P, Appendix 2 (1983) ("the grids"). The ALJ implicitly found that claimant had a marginal education. 2 Rec. at 13. However, Todd testified that although she had completed three grades of school, she never learned to read and write except for her name. *Id.* at 25. 20 C.F.R. Sec. 404.-1564(b)(1) (1983) defines illiteracy as

> the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally an illiterate person has had little or no formal schooling.

A "marginal" education, on the other hand, is defined as

> ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education.

20 C.F.R. Sec. 404.1564(b)(2) (1983). Under these definitions, the ALJ erred in not finding that Todd was illiterate.

■ In *Broz v. Schweiker,* 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz,* —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to,* 711 F.2d 957, *modified,* 721 F.2d 1297 (11th Cir.1983), we held the grids invalid to the extent they treated the age/ability to adapt factor as a legislative rather than adjudicative fact. *Broz I,* 677 F.2d at 1360. We explained in *Reeves v. Heckler,* 734 F.2d 519 (11th Cir.1984) how the Secretary could use the age grids in establishing claimant's ability to adapt. The determination we described in *Reeves* has not been made in this case. The record indicates that the ALJ applied the grids mechanistically. On remand to the Secretary, Todd must be given the opportunity to offer evidence on her inability to adapt.[1] In the absence of such

evidence the ALJ's use of the age grids would be dispositive of the issue.

REVERSED and REMANDED.

---

1. We have already determined that this case must be remanded to the Secretary on grounds other than the Secretary's application of the grids. Consequently, there is no need for the claimant to make a proffer of evidence to the district court on her ability to adapt. Rather, on remand to the Secretary, the Secretary must reconsider the case in light of *Broz* and *Reeves* if the ALJ applies the grids to Todd.