**Doris KILCREASE, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**Civil Action No. 03–M–955–N.**

United States District Court,
M.D. Alabama,
Northern Division.

March 22, 2004.

S. Kay Dansby, Montgomery, AL, for Plaintiff.

Jo Anne B. Barnhart, Baltimore, MD, pro se.

Leura Garrett Canary, Montgomery, AL, for Defendant.

## MEMORANDUM OPINION

McPHERSON, Magistrate Judge.

Claimant Doris Kilcrease ["Kilcrease"] has filed this action seeking review of a final decision by the Commissioner (Doc. # 1) pursuant to §§ 405(g) and 1383(c) of the Social Security Act (Doc. # 9, p. 1). Upon review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner should be AFFIRMED for the reasons set forth herein.

## I. PROCEDURAL BACKGROUND AND FACTS

Kilcrease petitioned for supplemental security income under Title II and Title XVIII of the Social Security Act on 17 August 2001 (R. 30), alleging a disability onset date of 15 December 1999 (R. 30). By her own account, she is unable to work due to "rheumatoid arthritis" (R. 41). More specifically, Kilcrease alleges that her illness makes her unable to work because of "pain & swelling in hands, feet, knees, hips & elbows & shoulder [and] morning stiffness [which] last[s] for several hours" (R. 41).

She was born on 16 March 1960 and therefore, 42 years of age at the time the ALJ rendered his decision (Doc. # 11, p. 1). Kilcrease is a high school graduate (R. 13), and before her alleged disability, she had varied work experiences, including employment as an office assistant, administrative assistant, and telephone sales assistant (R. 55). She has not worked since August 2000 (R. 122).

Initially, Kilcrease filed her administrative claim, pro se, and she waived her rights to a hearing (R. 27). Her reasons for doing so were, "With the pain in my back and other joints, it takes me a while to get moving everyday. It is difficult to be at many appointments. I have a hard time if I have to sit for long periods of time" (R. 27). On 18 January 2002, the Social Security Administration disability examiner primarily diagnosed Kilcrease with "rheumatoid arthritis and other inflammatory polyarthropathies" (R. 13). The examiner relied upon the reports of the claimant's treating physicians when making his determination (R. 19).

Based on the information of record, an Administrative Law Judge ["ALJ"] issued an adverse decision on 19 September 2002 (R. 11–17, Doc. # 11, p. 1). Thereafter, Kilcrease requested a review of his decision (R. 5–8). The Appeals Council denied Kilcrease's petition for review, thus rendering the ALJ's decision the Commissioner's final determination (R. 3–4). This action followed on 17 September 2003 (Complaint, Doc. # 1).

The record reveals a history of medical treatment associated with pain, stiffness, and intermittent swelling in the hands and joints (R. 63–104). Kilcrease does not contend that the ALJ failed to giver proper consideration to the medical record in determining severe impairments, and the court makes no conclusions in that regard. Rather, a review of the claimant's brief reveals that conclusions drawn by the ALJ about her medical condition are consistent with the diagnoses of her treating physicians. Therefore, the court's analysis supports the ALJ's decision.

## II. STANDARD OF REVIEW

■ The standard of review of the Commissioner's decision is a limited one. Re-

viewing courts "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir.1996) (citing *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983)). The court must find the Commissioner's factual findings conclusive if they are supported by substantial evidence.[1] *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir.1997). "There is no presumption, however, that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid." *Miles v. Chater,* 84 F.3d at 1400 (citations omitted).

## III. DISCUSSION

### A. Standard for Determining Disability

An individual who files an application for Social Security disability benefits must prove that he is disabled. *See* 20 C.F.R. § 416.912 (1999). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that he is disabled. *See* 20 C.F.R. § 416.920 (1999). The ALJ must evaluate the claimant's case using this sequential evaluation process, *Ambers v. Heckler,* 736 F.2d 1467, 1469 (11th Cir.1984); *Williams*

*v. Barnhart,* 186 F.Supp.2d 1192, 1195 (M.D.Ala.2002). The steps are as follows:

1. If the claimant is working or engaging in substantial gainful activity, he is not disabled. However, if the claimant is not working or engaging in substantial gainful activity, the Court must consider whether the claimant has a severe impairment.

2. If the claimant does not have a severe impairment, he is not disabled. A severe impairment is defined as a condition that precludes one from performing basic work-related activities. If the claimant has a severe impairment, the Court must then consider whether the impairment has lasted or is expected to last for more than twelve (12) months.

3. If a claimant's impairment has lasted or is expected to last for a continuous period of twelve (12) months or more and it is either included on or equivalent to an item in a list of severe impairments, as found in Appendix I of the regulations, the claimant is disabled. If neither of the above conditions, when considered in association with the continuity requisite of twelve (12) months, is deemed true, the ALJ must go on to step 4 of the evaluation sequence.

4. If it is determined that the claimant can return to previous employment, considering his residual functional capacity ["RFC"] and the physical and mental demands of the work that he has done in the past, the claimant will not be considered disabled. If it is determined that the claimant cannot return to previous employment, the SSA must continue

---

1. In *Graham v. Apfel,* 129 F.3d at 1422, the Court of Appeals stated that:
    Substantial evidence is described as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

to step 5 in the sequential evaluation process.

5. If, upon considering the claimant's RFC, age, education, and past work experience, the SSA determines that the impairments determined do not preclude the claimant from performing a significant number of jobs that are available in the national economy, the claimant will not be considered disabled within the meaning of the Social Security Act. Therefore, she/he will not be entitled to benefits pursuant to 42 U.S.C. §§ 401 et seq. and/or 42 U.S.C. §§ 1381. If, however, it is determined that there are not a significant number of jobs the claimant can perform available in the national economy and the impairment meets the duration requirement, the claimant will be considered disabled.

*See* §§ 20 C.F.R. 404.1520(a)-(f), 416.920(a)-(f).

### B. The ALJ's Findings

The ALJ made the following findings within the structure of the sequential evaluation process as outlined above:

1. Kilcrease has not engaged in any substantial gainful activity since her alleged disability onset date (R. 16).

2. Kilcrease has the following severe impairments: rheumatoid arthritis and fibromyalgia (R. 16).

3. Although Kilcrease has severe impairments, when considered individually and in combination, these impairments do not meet or equal in severity, any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 16).

4. Kilcrease's allegations regarding her pain and functional limitations are not entirely credible (R. 16–17).

5. Kilcrease does possess the residual functional capacity to perform her past relevant work (R. 17).

6. Kilcrease has not been under a disability at any time through the date of this decision (R. 17).

### C. Application of the Standard

Based on the ALJ's findings, Kilcrease survives step one and step two of the sequential evaluation process, because she has not engaged in any substantial gainful activities since her alleged onset date and she has severe impairments (R. 16). However, she does not survive step three, because her severe impairments, when considered individually and/or in combination with others, do not meet the equivalent of a listed impairment (R. 17). As a result, according to the ALJ, Kilcrease is not disabled within the meaning of the Act (R. 17).

As a matter of law, even if the ALJ determines at step three of his analysis that a claimant does not have a combination of impairments that meet the equivalent of a listed impairment, there can nonetheless be a finding of disability. Such a finding is triggered by the ALJ's assessment at step four, through a determination of the claimant's residual functional capacity ["RFC"].

In this case, the ALJ did assess Kilcrease's RFC and found that the claimant had the ability to perform "sedentary" work and "light work" (R. 17). Furthermore, she can return to all past relevant work (R. 17). Kilcrease disagrees, and contends that the ALJ erred "in failing to fully develop the record" (Doc. # 9, p. 2).

In response, the Commissioner argues that substantial evidence supports her decision (Doc. # 11, p. 7). For the reasons set forth herein, the Court agrees with the Commissioner.

### D. Analysis of Evidence

#### 1. Kilcrease's Complaint

The gravamen of Kilcrease's complaint is as follows:

> The ALJ erred in failing to obtain updated records from treating physicians, especially the treating rheumatologist, Dr. Jakes. The ALJ should have also explored the foot surgery reported by the Plaintiff. If treating sources did not provide adequate information to establish the Plaintiff's RFC, a consultative examination should have been ordered.

(Doc. # 9, pp. 3–4).

#### 2. Analysis of the Alleged Error—Adequacy of Development of the Record

The claimant contends that the ALJ failed to develop the record adequately because (1) he did not order additional consultative examinations, and (2) he failed to obtain updated records from her treating physicians, particularly her records from Dr. Jakes, a treating rheumatologist from December 17, 2001 through March 2002 (Doc. # 9, pp. 3–4). The court notes, however, that the ALJ did specifically reference medical conclusions drawn by Dr. Jakes based on the claimant's previous visits. Furthermore, the claimant does not contend that Dr. Jakes drew medical conclusions based on the records during the time period in question that were different or that would have altered the results of the ALJ's findings.

■ The law in this Circuit is clear that the ALJ is charged with developing a fair and full record. *Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir.1984). In addition, the ALJ is bound to make every reasonable effort to obtain from the claimant's treating physician(s) all the medical evidence necessary to make a determination. 20 C.F.R. § 404.1512(d). However, as set forth above, the burden is on the *claimant* to prove that she is disabled. The Social Security Regulations provide in part:

> In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means you must furnish medical and other evidence that we can use to reach conclusions about your impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis.

20 C.F.R. § 404.1512(a).

■ In the present case, the ALJ determined that the record before him did not support the need for more evidence, and that he had all of the medical evidence necessary to make a determination of the claimant's functional capacity. This court's review of the medical evidence compels the same conclusion. The narrow medical record before the ALJ contains documentation from three physicians: Dr. Jakes, Dr. Dalton, and Dr. Ingram (63–104). The records date from 24 August 1998 through 6 December 2001 (R. 63–104).

They are suggestive of intermittent problems such as arthralgias, bursitis in the right shoulder, and weight gain (R. 63–66). They also suggest conditions such as osteoarthritis and fibromyalgia (R. 76–80). The court also notes that Kilcrease did suffer esophagitis, a hiatal hernia, and a small ulcer in association with the esophagogastroduodenoscopic procedure performed by Dr. Dalton (R. 71). The conditions associated with the esophagogastroduodenoscopy were treated and are not permanent in nature.

The court concludes that record and the evidence before the ALJ amply support his determination. While the gravamen of Kilcrease's complaint is that the ALJ did

not obtain three months of medical records from Dr. Jakes prior to making his determination, Kilcrease has not shown why it would be relevant for him to do so or what difference it would have made had he done so. Specifically, Kilcrease did not allege that Dr. Jakes made any conclusions different from those previously determined. Furthermore, Kilcrease did not present these records to the Appeals Council for consideration, either.

■ Development of the record does require the ordering of additional examinations where there is uncertainty or conflicting medical evidence. This case does not present either circumstance. Consultative examinations are not required by statute, however the Regulations provide for them where warranted. *See* 20 C.F.R. § 404.1517. The Regulations in relevant part, provide:

> (a)(1) *General.* The decision to purchase a consultative examination for you will be made after we have given full consideration to whether the additional information needed (e.g., clinical findings, laboratory tests, diagnoses, and prognosis) is readily available from the records of your medical sources.

> (b) *Situations requiring a consultative examination.* A consultative examination may be purchased when the evidence as a whole, ***both medical and non-medical***, is not sufficient to support a decision on your claim.

20 C.F.R. § 404.1519(a) (emphasis added).

While it is reversible error for an ALJ not to order a consultative examination when it is necessary for him to make an informed decision, *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984), the ALJ

is not required to order a consultative examination unless the record, ***medical and non-medical***, establishes that such an examination is necessary to enable the ALJ to render a decision. *Holladay v. Bowen,* 848 F.2d 1206, 1210 (11th Cir.1988) (citing *Ford v. Secretary of Health and Human Services,* 659 F.2d 66, 69 (5th Cir. 1981)) (emphasis added). In this case, the ALJ correctly determined that the record did not support the need for further evaluation and that he had adequate information to assess the claimant's residual functional capacity properly.

Upon reviewing the medical evidence,[2] the court finds that the evidence of record substantially supports the ALJ's failure to order an additional consultative examination or testing. In consideration of all of the information and analysis contained herein, the court concludes that the decision of the Commissioner should be AFFIRMED.

## IV. CONCLUSION

Therefore, it is hereby ORDERED that the decision of the Commissioner is AFFIRMED.

---

**2.** The ALJ's opinion in this case was on a paper record. Kilcrease waived her right to a hearing and therefore did not testify before the ALJ. Thus, the ALJ never had the opportunity to observe the claimant or otherwise make determinations based upon his observations of her personal condition.