[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12334
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-02602-EAJ

SOFIA G. MANZO,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 7, 2011)

Before BLACK, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Sofia Manzo appeals from the magistrate judge's order affirming the

Commissioner's denial of her application for supplemental security income ("SSI"), 42 U.S.C. §§ 405(g), 1383(c)(3).[1]  Manzo argues that the Administrative Law Judge ("ALJ") erred by (1) classifying her visual impairment as "glaucoma with a history of bilateral cataract surgeries"; (2) rejecting her testimony that she had headaches and vision problems; and (3) finding that her anxiety was not a severe mental impairment.  After a thorough review of the record and the parties' briefs, we affirm.

I.

Manzo first argues that the ALJ incorrectly identified her visual impairment as "glaucoma with a history of bilateral cataract surgeries."  We review the ALJ's ruling, not the district court's judgment.  Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004).  "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).  We do not reweigh evidence, decide facts anew, or make credibility findings.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  Instead, we review the entire record to determine whether the decision was

_____

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

supported by substantial evidence.  Id.  Substantial evidence is more than a scintilla, Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997), but less than a preponderance, and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Moore, 405 F.3d at 1211.  But the ALJ's conclusions of law are subject to "exacting examination."  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

The Social Security regulations set forth the following five-step "sequential evaluation" process to determine whether a claimant is disabled: (1) the disability examiner determines whether the claimant is engaged in "substantial gainful activity"; (2) if not, the examiner decides whether the claimant's condition or impairment is "severe," *i.e.*, whether it significantly limits the claimant's physical or mental ability to do basic work activities; (3) if so, the examiner decides whether the claimant's impairment meets or equals the severity of the specified impairments in the Listing of Impairments ("Listing"), thereby precluding any gainful work activity; (4) if the claimant has a severe impairment that does not meet or equal the severity of an impairment in the Listing, the examiner assesses a claimant's residual functional capacity ("RFC"), which measures whether a claimant can perform past relevant work despite the impairment; and (5) if the claimant is unable to do past relevant work, the examiner determines whether, in

light of the claimant's RFC, age, education, and work experience, the claimant can perform other work.  See Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. §§ 404.1520(c)-(f), 416.920(c)-(f).

The ALJ in this case determined (1) that Manzo had not engaged in substantial gainful activity since she filed her application for SSI on May 18, 2005; (2) that she had hypothyroidism, hypertension, hyperlipidemia, and "glaucoma with a history of bilateral cataract surgeries," which were all severe impairments, as well as anxiety, which was a non-severe impairment; (3) that none of the impairments met or equaled a listed impairment; and (4) that she had the RFC to perform her past relevant work as a sewing machine operator.

Manzo argues that the ALJ erred at step two by incorrectly identifying her severe impairment as "glaucoma with a history of bilateral cataract surgeries" rather than "cataracts, the cataract surgeries themselves, and the period of recovery from those surgeries," and therefore improperly failed to consider her visual impairments resulting from the cataracts and cataract surgeries when determining her RFC at step four.  Manzo contends that her impairment was not a "history" of bilateral cataract surgeries during the relevant time period, which was June 2005

through September 2006,[2] because her cataract impairment did not improve until March 22, 2007.

We reject this argument. The ALJ properly considered Manzo's visual impairments during the relevant time period and found that her "vision remains more or less intact (20/40)." As the district court explained, this "observation . . . accounts for the periods before and after [Manzo's] cataract surgeries." The record reveals that from February 2005 until her cataract surgeries in March and April of 2006, Manzo's vision was between 20/40 and 20/50 in both eyes. In her post-operative visits in May 2006, Manzo's vision had improved to 20/20 in both eyes. We therefore conclude that substantial evidence supported the ALJ's assessment of Manzo's vision during the relevant time period and that the ALJ did not err by classifying Manzo's impairment as "a history of bilateral cataract surgeries."

Manzo also appears to argue that the ALJ erred at step four of the sequential evaluation by not including Manzo's claimed visual limitations in the hypothetical question posed to the vocational expert ("VE") to determine Manzo's RFC. "In

---

[2] SSI benefits cannot be paid until the month after an application is filed and all other requirements for eligibility are met. 20 C.F.R. § 416.335. Manzo filed her application for SSI in May 2005, so the relevant time period begins in June 2005. Once a claimant reaches age 65, she can qualify for SSI based on age rather than disability. 20 C.F.R. § 416.202. Because Manzo's application was still pending when she turned 65 in September 2006, the ALJ concluded that she would be eligible to receive payments beginning in October 2006.

order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ must instruct the VE to consider all "severe" impairments when eliciting testimony. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985). But "the ALJ [i]s not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). The ALJ did not need to include Manzo's claimed visual limitations in the hypothetical question because, as explained above, substantial evidence supported the ALJ's rejection of these claimed limitations during the relevant time period.

II.

Manzo next argues that substantial evidence does not support the ALJ's decision not to credit Manzo's testimony that she suffered from headaches and vision problems as a result of her glaucoma. To establish disability through her own testimony concerning pain or other subjective symptoms, Manzo needed to show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson, 284 F.3d at 1225. The ALJ must articulate

6

explicit and adequate reasons for discrediting testimony concerning subjective complaints, Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005), and cannot discredit testimony as to the intensity or persistence of pain and fatigue solely based on the lack of objective medical evidence. See 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); see also Todd v. Heckler, 736 F.2d 641, 642 (11th Cir. 1984) (explaining that pain alone may be disabling and that it is improper for an ALJ to require objective medical evidence to support a claim of disabling pain).

The ALJ properly stated the specific reasons for discrediting Manzo's testimony that she suffered from headaches and vision problems. The ALJ found, "based on a consideration of the entire case record," that Manzo's testimony concerning the severity, intensity and limiting effects of the symptoms of her impairment were not credible because they conflicted with Manzo's RFC, which assigned no visual limitations. The ALJ explained that Manzo had not regularly reported chronic headaches to her treating doctor. While Manzo did report blurriness, floaters and difficulty reading during her cataract evaluation prior to her surgeries, the ALJ concluded from the record that Manzo's "vision remains more or less intact (20/40)" and emphasized that "no treating or examining source ha[d] offered limitations greater than those found [in Manzo's RFC]." We conclude that substantial evidence supported the ALJ's finding that the testimony

7

that Manzo suffered from headaches and vision problems was not credible to the extent that it was inconsistent with the contrary evidence underlying the RFC assessment.

## III.

Manzo also argues that substantial evidence does not support the ALJ's finding that Manzo's anxiety was not severe. With regard to step two of the sequential process, an impairment is "severe" if it "significantly limits claimant's physical or mental ability to do basic work activities." Crayton, 120 F.3d at 1219. An impairment is not severe if it is a "slight abnormality" that has "a minimal effect on the individual that . . . would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). Although the claimant bears the burden of showing severity, the burden is mild, such that a claimant need only show her impairment is "not so slight and its effect is not so minimal" as to be trivial. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). Severity is measured based on its effect upon ability to work, "not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

We conclude that substantial evidence supports the ALJ's finding that

Manzo failed to carry her burden of establishing that her anxiety constituted a severe mental impairment, instead of a "slight abnormality." The ALJ noted in particular that Manzo had never been referred for mental health treatment. See Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992) (holding that ALJ's finding that claimant's mental impairment was not severe was supported by substantial evidence where the record "d[id] not . . . disclose that treatment has been recommended for her condition"). Manzo argues the ALJ failed to consider the possibility that her family physician decided not to refer her for mental health treatment because the physician knew that Manzo's insurance would not cover the treatment. But this is pure speculation, as Manzo has pointed to no evidence in the record to suggest that the lack of a referral was due to her inability to pay. We therefore conclude that substantial evidence supports the ALJ's finding that Manzo failed to establish that her anxiety was a severe mental impairment.

For all of these reasons, we affirm the Commissioner's decision.

**AFFIRMED.**